**DISTRICT OF COLUMBIA, Appellant,**

v.

**Warren HUDSON, Appellee.**

**UNITED STATES, Appellant,**

v.

**Warren HUDSON, Appellee.**

**DISTRICT OF COLUMBIA, Appellant,**

v.

**Michael Wayne JONES, Appellee.**

**DISTRICT OF COLUMBIA, Appellant,**

v.

**Bruce James NAUGHTON, Appellee.**

**DISTRICT OF COLUMBIA, Appellant,**

v.

**Christopher MATTHEWS, Appellee.**

**UNITED STATES, Appellant,**

v.

**Benjamin MACK, a/k/a Becton R. Speight, Appellee.**

**DISTRICT OF COLUMBIA, Appellant,**

v.

**Benjamin MACK, a/k/a Becton R. Speight, Appellee.**

**Nos. 9312, 9387, 9492, 9545 and 9548–9550.**

District of Columbia Court of Appeals.

Aug. 2, 1982.

See also, 404 A.2d 175.

Before NEWMAN, Chief Judge, and KELLY, KERN, NEBEKER, MACK, and FERREN, Associate Judges, and REILLY, Chief Judge, Retired, and GALLAGHER and YEAGLEY, Associate Judges, Retired.

KERN, Associate Judge, with whom YEAGLEY and GALLAGHER, Associate Judges, Retired, join:

A majority of this court in *District of Columbia v. Hudson*, D.C.App., 404 A.2d 175

(1979), agreed upon the equitable relief to which a citizen was entitled when he was arrested but not subsequently prosecuted.[1] If he showed by clear and convincing evidence that the crime for which he had been arrested either did not occur or that he did not commit it, then the trial court was to seal all records of his arrest and thereafter such sealed records could be opened only by further order of the court upon a showing of compelling need.

We also directed the trial court in all cases, where the citizen arrested demonstrated under the test outlined above that the arrest had been in error, to prepare an order containing findings and conclusions. In this way there would be "an official, and hence authoritative, explanation of the erroneous basis for the arrest" in order thereby to "eliminate the risk of an adverse inference that might be drawn in the future by third persons upon learning the fact of" that arrest.

Thus, in the case of an arrest but no subsequent prosecution, *Hudson* established (1) the relief to be granted, *i.e.*, an official declaration by the court that the arrest had been erroneous and the sealing of all records of that arrest and (2) the burden of proof to be met by a citizen in order to obtain relief, *i.e.*, proving by clear and convincing evidence that the crime for which he had been arrested did not occur or that he did not commit it.

The court in *Hudson* encountered a technical difficulty: how to ensure that *all* the records of the citizen's arrest made in the ordinary course of business by the Metropolitan Police Department (and thereafter routinely transmitted to and recorded by other law enforcement agencies), and by the trial court could be identified and sealed. The problem existed because of several factors. First, there is a proliferation of records created and maintained by reason of the interlocking of law enforce-

ment agencies and their exchange routinely of the fact of an arrest. Secondly, the trial court itself creates records of an arrest which it is obliged to maintain as a matter of historical fact. Third, the technique of record keeping and records transmission has developed significantly in this age of computers and word-processors.

Accordingly, the court in its opinion requested the parties to set forth in a supplemental filing "a proposed plan for carrying out the sealing of arrest records in MPD and court files."[2] Unfortunately, some of the parties to the appeal in *Hudson* did not even respond and such responses as were filed were directed to substantive issues rather than the practical problem which had been the concern of the court of making certain that all MPD and court records be sealed. Thus, the supplemental filing of appellee Hudson was directed primarily to substantive matters of the hearing and determination of his own action in the future to obtain equitable relief. Appellee Hudson cast the substantive procedures he urged to be followed by the trial court in the form of rules for the trial court. The United States responded in kind to appellee Hudson with proposed rules of its own for the trial court.

The submission of trial court rules by the parties responding to this court go considerably beyond this court's concern over *how* "the sealing of arrests records in MPD and court files" was to be effected. It is not the business of this court to promulgate rules of procedure for the trial court to follow when a judge of the trial court hears and determines a suit for equitable relief by one who was arrested but never prosecuted. This is best left to the trial court to determine and promulgate. For example, it is surely best left to the trial court itself, or at least its Rules Committee, to address the propriety and practicability of a rule, such as proposed by the parties, that *mandates* the Clerk of the Superior Court to *purge*

---

1. Thus, a citizen who is prosecuted but for any reason not convicted would be ineligible for the equitable relief available to one who is arrested but never even prosecuted.

2. Obviously, the parties and amicus curiae had been entirely concerned in their voluminous briefs with the nature of the relief to be granted and by whom and under what circumstances it should be granted.

from the Superior Court's files *any* computerized record "of the criminal prosecution of the movant as a result of the challenged arrest."

The orders entered by the trial court concerning the records of arrest of appellees Hudson, Matthews, Mack and Naughton are reversed and their cases remanded for further proceedings consistent with our opinion in *District of Columbia v. Hudson.* The order entered by the trial court concerning the records of arrest of appellee Jones should be reversed and his case remanded to the trial court to dismiss his motion for equitable relief since it is clear that there was no prosecution of Jones solely because witnesses could not be located by the government.

*So ordered.**

NEBEKER, Associate Judge, with whom REILLY, Chief Judge, Retired, joins, concurring:

In order that these cases be brought to a merciful end, I concur in the remand. After struggling with this problem for well over a decade, *see Spock v. District of Columbia,* D.C.App., 283 A.2d 14 (1971), the court has now produced a mutant offspring of the *Spock* decision. We have sanctioned an attempt to cause history to be rewritten by sealing public records. The extent to which this court system can go to control the federal and local law enforcement agencies in their record keeping is still open to question.[1] On the brighter side, I hasten again to add that we reject any argument that the judiciary is empowered to permit one to lie about his arrest if later asked about it. No mortal can change yesterday.

---

* Judge Ferren in his dissent asserts my opinion is "unfair" by simply stating what is in the record before us: that some of the parties to this appeal did not file a response to the court's "request" of "the parties" for a proposed plan. He seeks, for some reason, to explain away this omission by supposing without any basis whatsoever that counsel for Hudson "spoke for the other appellees" when he filed a response on behalf of his client.

Though records may be gathered and sealed when "complete," *District of Columbia v. Hudson,* D.C.App., 404 A.2d 175, 182 (1979) (en banc), the sealing of public records cannot be fully effective given the fact that no court can order the arresting officer and others knowing of the arrest from publicizing it. *See* and *compare Cox Broadcasting Co. v. Cohn,* 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975). The remedy extended in *Spock*—amplification—should be preferred and may still prove to be the most workable. The majority has preserved that remedy in today's holding.

GALLAGHER, Associate Judge, Retired, with whom KERN, Associate Judge, joins, concurring:

If I understand Judge Ferren's dissent correctly, it is primarily based upon the failure of the majority to engage in procedural rule making (of all things) in an appellate court opinion. I should have thought it was beyond serious question that an appellate court should not engage in procedural rule making in the decision making process, especially rule making on behalf of the trial court.

The original majority opinion (*District of Columbia v. Hudson, et al.,* D.C.App., 404 A.2d 175 (1979) (en banc)) required the parties to submit "a proposed plan for carrying out the sealing of arrest records." As I understood it, this was done to assist the court in issuing guidelines for the trial court.

It is not the proper function of an appellate court in deciding cases to engage in rule making. That is an administrative-legislative function. Furthermore, it is undesirable to usurp the trial court's rule making function in this or any other case.[1]

---

1. See my separate statement filed in this case on the occasion of our interim opinion, *District of Columbia v. Hudson,* D.C.App., 404 A.2d 175, 185 (1979) (en banc).

1. Defendants coming under the rationale of our decision in *Hudson, supra,* need not, of course, await promulgation of procedural rules to file for relief as it has now been made available by *Hudson* as a matter of law. Further, I would see no reason for the trial court to hold any such proceedings in abeyance. A rule of rea-

Curiously, the dissent states its awareness that "this court cannot adopt rules for the Superior Court", but then proceeds to state it "would order implementation of the following procedures" and then actually sets out rules of *trial court* procedure. Thus, the dissenting judges are in fact promulgating rules for the trial court, which they previously said this court cannot do.

To illustrate the realistic side of the matter, the proposed Rule 1 in the dissent provides that a motion for relief is available when "an arrest is terminated without conviction and before trial." The relief we authorized is directed to pre-trial terminations. But as Rule 1 is drafted, it would also enable such a motion when a defendant's motion to suppress evidence is granted and the indictment is then later dismissed. It also, in effect, provides that a motion for relief may be filed when an indictment is dismissed for failure to state an offense (or for other reasons).

Basically, this case amounts to a judicial effort to make whole innocent persons who the government has wronged by mistaken arrests. Defendants who are arrested but whose proceedings are terminated before trial due to grant of motions to suppress evidence, for example, do not come within the philosophy of the relief being provided. Consequently, I should think the trial court would not by rule provide such defendants this procedural avenue of relief, but rather would except them from the rule. It would be no answer to say that in those circumstances a defendant would in all likelihood

not be able to carry her or his evidentiary burden. The fact remains the avenue of relief, by the terms of the proposed rule, would be made available procedurally. I doubt the trial court would approve this. Rule making of trial court rules of procedure is better left to the trial court.

FERREN, Associate Judge, with whom NEWMAN, Chief Judge, and KELLY and MACK, Associate Judges, join, dissenting:

Almost three years ago, this court decided in *District of Columbia v. Hudson*, D.C. App., 404 A.2d 175 (1979) (en banc), that

> when a motion for equitable relief from maintaining a record of arrest that did not result in a prosecution [1] is timely made, the movant shall be entitled to relief if he can show by clear and convincing evidence that the crime for which he was arrested did not occur or that he did not commit it. The trial court may grant relief by an order (1) directing the United States Attorney or Corporation Counsel to collect all records of the arrest (a) in the files of MPD and (b) disseminated by MPD to other law enforcement agencies, and (2) sealing these records in a properly indexed and secure file upon representation in proper form to the court that the records so collected are complete. Thereafter, the file may be opened only upon further order of the court in the event of a showing of compelling need. [*Id.* at 182.]

We further concluded:

> The trial court should, in support of its order and as a part of the same docu-

---

son would apply on timeliness until the trial court adopts its rules.

1. In defining the scope of our opinion in *Hudson, supra*, we spoke of "equitable relief from maintaining a record of arrest that did not result in a *prosecution.*" *Id.* at 182 (emphasis added). We did not, however, specify how far along the prosecutorial line from arrest through information or indictment to trial the proceeding could go without becoming a "prosecution," precluding equitable relief, even if charges were dropped. Obviously, we did not simply mean relief would be unavailable once prosecutorial charges were filed, for we are granting relief herein to Messrs. Hudson and Mack against whom informations were filed, followed by *nolle prosequies.* The United

States Attorney takes the position in its submission to this court that, if all other conditions are met, relief would be available under *Hudson* "[w]henever a criminal prosecution is terminated without conviction and before trial." We agree. The pretrial line is the clearest line that can be drawn under the language of *Hudson* and, in any event, portends no mischief since the overriding criteria for sealing of arrest records are that the crime for which a person was arrested did not occur or that the person arrested did not commit it. Any effort to obtain sealing of an arrest record after a trial has begun, therefore—even under the criteria otherwise available under *Hudson*—must proceed by litigation anew.

ment, make findings of fact detailing the basic facts of the arrest and post-arrest occurrences and enter, as appropriate under these findings, a conclusion of law either that movant did not commit the crime or no crime was committed. The order containing the findings of fact and the conclusions of law, may then be properly authenticated and given to each movant for his future use. [*Id.*]

We noted our concern, however, "with the question of how arrest records that the trial court orders sealed are to be secured and indexed so that they are not available to law enforcement personnel, prosecuting authorities, court personnel, other government officials and employees, or the general public, except upon a showing of compelling need." *Id.* at 182–83. We stressed the necessity of an indexing system with "strictly limited" access so that "any equitable relief granted pursuant to this opinion cannot be undermined." *Id.* at 183. Furthermore, in noting that "the trial court itself maintains a case file of an individual who is arrested but subsequently not prosecuted and that such a file is apparently a part of the court records open to public inspection," we expressed a concern that "the equitable relief afforded an individual citizen, mistakenly arrested, from maintenance of the fact of that erroneous arrest in the MPD central files would be negated or at least considerably diminished, by reason of the court maintaining a public record of that same arrest in its file." *Id.* Therefore, in order to assure that our final order was responsive to these concerns and yet workable, we ended our opinion as follows:

Accordingly, we request the parties, pursuant to the order accompanying this opinion, to submit to this court within 90 days a proposed plan for carrying out the sealing of arrest records in MPD and court files determined by the trial court to be of no value to law enforcement. We urge that to the extent possible this submission be a joint product of appellants, appellees, and amicus, and that it take into account the present technical capabilities of the law enforcement agencies and the court system as well. Such a submission should also consider the experience of other jurisdictions to the extent that they have used sealing as a method of limiting access to arrest records.

Once we have received the proposed plan from the parties and have then reviewed the matter, we shall enter a final order reversing the cases on appeal and remanding for further proceedings. [*Id.*]

The parties fully understood that they were to submit a comprehensive plan for sealing of arrest records, since the foregoing language clearly manifested this court's intention to enter a corresponding, comprehensive order "that would take into account the present technical capabilities of the law enforcement agencies and the court system," rather than remand for the trial court to undertake that process. The parties, after an extension of time, complied fully, making thoughtful, detailed presentations by April 10, 1980.[2]

While it is true that this court cannot adopt rules for the Superior Court (the form in which Hudson and the United States cast their submissions), it is also true that this court has the authority to order specific implementing procedures and, as the parties clearly understood, have intend-

---

**2.** Unable to agree on a joint product, the parties—Hudson, the United States, and the District of Columbia—filed separately. Because Hudson's presentation was comprehensive, including a 46-page survey of other jurisdictions, it is obvious his counsel spoke for the other appellees. Furthermore, Judge GALLAGHER, in his concurring opinion, stressed one aspect of our remand order by "assuming that in the process a searching review will be made by counsel of the experience gathered by the many states which utilize this and similar remedies." *Hudson,. supra* at 183 (footnote omitted).

Thus, the parties clearly were invited to address substantive concerns. Finally, without any question the submissions dealt meticulously with technical problems. It is therefore inaccurate and unfair for the majority to say: "Unfortunately, some of the parties to the appeal in *Hudson* did not even respond and such responses as were filed were directed to substantive issues rather than the practical problem which had been the concern of the court of making certain that all MPD and court records be sealed." *Ante* at 295.

ed to do so in the final order applicable to these cases. Accordingly, the four judges joining in this dissent would order implementation of the following procedures, most of which have been recommended by the United States Attorney:

### SEALING OF ARREST AND RELATED COURT RECORDS

#### 1. Relief available

Whenever a criminal investigation or prosecution (hereafter "proceeding") that includes an arrest is terminated without conviction and before trial, the accused may file a motion to seal the records of his or her arrest. If the accused proves by clear and convincing evidence that no crime occurred to cause the arrest or that he or she did not commit the crime charged, he or she shall be entitled to relief.

#### 2. Motion for relief; filing

A motion for relief, together with any appropriate exhibits and supporting documents, shall be filed within sixty days after the termination of the proceeding. If the movant shows by a preponderance of the evidence that the evidence upon which he or she bases the motion was discovered after the expiration of sixty days and with due diligence could not have been discovered within that period, he or she may file a motion for relief within two years after the termination of the proceeding or at any time thereafter if the government does not object. The motion shall state all facts which the movant believes support the claim. The movant shall serve a copy of the motion on the prosecutor. Upon receipt of the motion and a certificate of service upon the prosecutor, the Clerk of the Superior Court shall file the motion in the criminal case. The prosecutor shall not be required to answer the motion or otherwise move with respect to it unless ordered to do so by the court.

#### 3. Review by judge of Superior Court; summary dismissal; answer by prosecutor

The motion, together with all Superior Court files and records relating to the challenged charge or arrest, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion, any accompanying exhibits and documents, the file of the case, and the record of any prior proceedings in the case that the movant is not entitled to relief, the judge, stating reasons, shall order that the motion be denied, and the Clerk shall notify the movant of the judge's order. Otherwise, the judge shall order the prosecutor to file an answer, with any appropriate exhibits, within a specified period of time, which shall be not less than sixty days. The prosecutor may file an answer in any case, in his or her discretion, without waiting for an order by the court to do so. A copy of the answer shall be served on the movant.

#### 4. Hearing

Upon the filing of the answer and exhibits, if any, the judge shall determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make an appropriate disposition of the motion. If the judge determines that an evidentiary hearing is required, one shall be promptly scheduled. Reliable hearsay evidence shall be admissible at the hearing.

#### 5. Disposition; findings and order

If, after a hearing, the judge finds that the movant has established, by clear and convincing evidence, either that no crime occurred to cause the arrest or that the movant did not commit the crime with which he or she was charged, the judge shall order the prosecutor to collect from the law enforcement agency responsible for the arrest all records of the movant's arrest in that agency's central files, including without limitation photographs, fingerprints, and other identification data, and direct that any computerized record of the movant's arrest be purged. In addition, the judge shall order the prosecutor to request that the law enforcement agency responsible for the arrest retrieve any records of

the arrest which may have been disseminated, including without limitation dissemination to pretrial services, corrections, and other law enforcement agencies, and to collect these records when retrieved. The judge shall summarize in the order the factual circumstances of the challenged arrest and any post-arrest occurrences, and, if the facts support such a conclusion, shall rule as a matter of law that the movant did not commit the crime for which he or she was arrested or charged or that no crime was committed. Any order granting or denying relief pursuant to this rule shall be in writing, and any order denying relief shall state the reasons therefor.

6. Records of arrest to be filed with Clerk of Superior Court; certification of prosecutor; court records; sealing

The prosecutor, within sixty days after the entry of an order under paragraph 5 above directing collection of the movant's arrest records, shall file with the Clerk of the Superior Court all records collected from the central record files of the law enforcement agency responsible for the arrest, along with a certification that to the best of his or her knowledge no further records exist in the possession of the law enforcement agency in its central record files or those of its disseminees, or that, if such records do exist, steps have been taken to retrieve them.

The Clerk of the Superior Court shall, upon appropriate direction by the judge, collect all Superior Court records of the criminal case which resulted from the challenged arrest or charge and cause to be purged any computerized record of the criminal proceeding against the movant as a result of the challenged arrest or charge. The Clerk shall file under seal all Superior Court records so retrieved together with all records filed by the prosecutor pursuant to the order of the Court. The Clerk shall restrict any access to these records unless otherwise ordered by a judge of the Superior Court. A judge of the Superior Court may order access to records and files so

sealed only upon a showing of compelling need.

7. Additional parties

Subject to any jurisdictional limitation, the law enforcement agency responsible for the movant's arrest may be joined as a party defendant pursuant to Super.Ct. Civ.R. 19.

8. Appeal

An aggrieved party may take an appeal to the District of Columbia Court of Appeals from a final order entered pursuant to the foregoing procedures.

9. Replies of the Clerk of Court to inquiries

The Clerk of the Superior Court shall reply to inquiries that no record exists as to any case where an order to seal has been granted.[3]

In addition, the United States Attorney, in his submission to this court, has stated:

> To ensure that prosecutorial decisions will not be based on records of an arrest or prosecution which have been sealed pursuant to a *Hudson* order, ... we will devise an internal system of record collection and sealing which will provide relief to a movant similar to that afforded by the Superior Court. Prosecutorial records will be collected and sealed in a secure, central location, and access will not be allowed except upon a showing to the United States Attorney of compelling need. We will, in addition, purge our computerized Prosecutor's Management Information System (PROMIS) of all records of the arrest and subsequent prosecution.

I agree that this undertaking will satisfy the legitimate concerns of arrested persons whose records are ordered sealed by the court under the foregoing procedures. I trust that appellant, the United States, will follow through accordingly.

---

**3.** *See Hudson, supra*, at 185 (Ferren, J., concurring).

Finally, there is the question of the effective date of relief under *Hudson*. On the basis of equitable considerations, I believe that all persons arrested on or after July 19, 1979, the date of our first en banc opinion in this proceeding, should have available the benefits of that decision and the procedures elaborated above. Thus, as to all persons not party to this proceeding, I would deem the procedures set forth above to be effective as of July 19, 1979, and accordingly that, as to all persons for whom a proceeding that includes their arrest has terminated before the date of today's order, the time limitations in paragraph 2 should be waived, and a motion for relief should be allowable within 120 days after the date hereof (or, upon the required showing, within two years from the date of the order in this proceeding or at any time thereafter if the government does not object).

Separate statement of MACK, Associate Judge, with whom KELLY, Associate Judge, joins:

In *District of Columbia v. Hudson*, D.C. App., 404 A.2d 175 (1979), we joined the en banc court in approving the remedy of record sealing, although in our own view expunction was the preferable approach for granting relief to citizens who were burdened with erroneous records of arrest. We adhere to our view that expunction is the more effective and less cumbersome alternative, but because we believe that the presentations made to this court should be used in the interest of providing an equitable remedy, we join Judge Ferren's dissent. We would order the implementation of procedures for sealing of arrest, court and prosecutorial records. We concur in the dispositions ordered with respect to the parties in this proceeding.