**Lucilla J. COBB, Appellant,**

v.

**Hubiesaw A. COBB, By his executrix, Brigida Soriano COBB, Appellee.**

No. 82–1443.

District of Columbia Court of Appeals.

Argued May 10, 1983.

Decided June 20, 1983.

Karen E. Hakel, Washington, D.C., for appellant.

Judy L. Feinberg, Washington, D.C., for appellee.

**462**

Before NEBEKER, BELSON and TER-RY, Associate Judges.

TERRY, Associate Judge:

Appellee filed a motion to dismiss appellant's complaint, asserting lack of jurisdiction over the parties, failure to state a claim, and laches. Appellant prepared an opposition to the motion and mailed it to the Clerk of the Superior Court, but it was never received in the Clerk's Office. Consequently, the court treated the motion as conceded, as the applicable rule permitted it to do, and dismissed the case. As soon as appellant learned of the dismissal, she filed a motion to reinstate her complaint, but that motion was denied after a hearing. We hold that the court did not err in granting the motion to dismiss, but that it abused its discretion in denying the motion to reinstate.

## I

■ In May 1982 appellant brought suit against appellee's estate alleging fraud on the part of appellee in his procurement of a divorce decree in 1976 and asking that the decree be vacated. On July 8, 1982, appellee's executrix filed a motion to dismiss the complaint. Appellant's counsel received a copy of this motion on or about July 10, and on July 19 she mailed her opposition to it to the Clerk of the Superior Court, serving a copy by mail on counsel for appellee.[1] For

---

1. It is undisputed that appellee's counsel received this copy in the mail.

2. Appellant maintains that the Clerk's Office should be presumed to have received the opposition and that the Clerk thereafter failed to file it. We decline so to presume in this case. Although there is an evidentiary presumption that a letter or other document placed in the mail, properly stamped and addressed, was received by the addressee, that presumption is rebuttable. *Toomey v. District of Columbia,* 315 A.2d 565 (D.C.App.1974). There was no actual evidence before the trial court in this case on the issue of receipt. But even if we assume that appellant's factual proffer (contained in her motion to reinstate) that the opposition was timely mailed could have been supported by sworn testimony, the fact that there

some reason, however, the Clerk's Office never received the opposition.[2] Since there was no opposition filed, the court on August 3 granted the motion and dismissed the complaint with prejudice.

On August 6 appellant filed a motion to reinstate the complaint. Another judge held a hearing on that motion on September 29 and denied it on the ground that appellant had not complied with the filing requirements of Super.Ct.Dom.Rel.R. 5(e).[3]

## II

■ After appellee's motion to dismiss the complaint was filed on July 8, appellant had ten days within which to file an opposition. If she failed to do so, the trial court in its discretion could "treat the motion as conceded." Super.Ct.Dom.Rel.R. 7(b)(1)(v). Since appellant was served with the motion by mail, the time within which she could file her opposition was extended by three days, from July 18 to July 21. Super.Ct. Dom.Rel.R. 6(e). Appellant maintains that since she mailed her opposition on July 19, she complied with the filing requirements of Rule 5(e), and therefore that the trial court erred when it granted appellee's motion to dismiss the complaint. We disagree.

"Filing ... is not complete until the document is delivered *and received.*" *United States v. Lombardo,* 241 U.S. 73, 76, 36 S.Ct. 508, 509, 60 L.Ed. 897 (1916) (emphasis added). Consequently, "compliance with a *fil-*

---

was no opposition in the court's own file or recorded on the docket would have been sufficient to rebut the presumption and raise an evidentiary issue. We therefore cannot presume that the opposition was received by the Clerk and thereafter was not filed for unknown reasons.

3. Super.Ct.Dom.Rel.R. 5(e) provides:

The filing of pleadings and other papers with the court as required by these rules *shall be made by filing them with the clerk of the court,* except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk. [Emphasis added.]

This rule is identical to Super.Ct.Civ.R. 5(e) and Fed.R.Civ.P. 5(e).

*ing* requirement is not satisfied by *mailing* the necessary papers within the allotted time." *Lee v. Dallas County Board of Education,* 578 F.2d 1177, 1178 n. 1 (5th Cir. 1978) (emphasis in original). There must also be a receipt of the papers by the designated court official within the prescribed period. *Wiss v. Weinberger,* 415 F.Supp. 293, 294 n. 3 (E.D.Pa.1976).

The federal courts have liberally construed the phrase "filing . . . with the clerk of the court" in FED.R.CIV.P. 5(e)[4] when such filing has been sought to be accomplished through the mails. Thus it has been held that when a mailed complaint has been delivered to the clerk's post-office box, *Johnson v. Esso Standard Oil Co.,* 181 F.Supp. 431 (W.D.Pa.1960); *Johansson v. Towson,* 177 F.Supp. 729 (M.D.Ga.1959), or to the court's mailbox, *Hetman v. Fruit Growers Express Co.,* 200 F.Supp. 234 (D.N.J.1961), within the prescribed time, the complaint is duly filed, even though no one is there to receive it. *See also Central Paper Co. v. Commissioner,* 199 F.2d 902 (6th Cir.1952) (complaint deemed filed when placed by postal authorities on a ledge near the court's lock box because the lock box was too small); *Palcar Real Estate Co. v. Commissioner,* 131 F.2d 210 (8th Cir.1942) (petition timely filed when delivered to desk in mail room of the Board of Tax Appeals during regular business hours); *Schultz v. United States,* 132 F.Supp. 953 (Ct.Cl.1955) (petition timely filed when mail containing petition was delivered to courthouse).[5] *Compare Wiss v. Weinberger, supra* (mailed complaint received by clerk of court on the day after expiration of the 60-day time limit held untimely). Thus the decided cases are in agreement that "[t]here is no twilight zone between delivery by the Post Office to the [clerk's office] and receipt, either actual or constructive, by the [clerk]." *Central Paper Co. v. Commissioner, supra,* 199 F.2d at 904.

These authorities, however, are of no help to appellant. To satisfy the filing requirement of Rule 5(e), appellant needed to show that her mailed opposition to appellee's motion had in fact been delivered to the clerk's office before the close of business on July 21. This appellant failed to do. It was incumbent on appellant to ensure that her opposition was actually received by the clerk's office before the filing deadline. Unlike service on opposing counsel, which may be effected simply by the act of mailing, Super.Ct.Dom.Rel.R. 5(b), filing with the court is complete only after the papers to be filed are in the actual possession of the clerk. Super.Ct.Dom.Rel.R. 5(e); *see Wiss v. Weinberger, supra,* 415 F.Supp. at 294 n. 3. Thus, given appellant's failure to comply with the filing requirements of Rule 5(e), we find no abuse of discretion in the trial court's decision to treat appellee's motion to dismiss as conceded under Super.Ct. Dom.Rel.R. 7(b)(1)(v) and to dismiss the complaint with prejudice.

### III

The trial court's subsequent denial of appellant's motion to reinstate the complaint presents a different question. Although appellant never filed her opposition with the clerk of the court, appellee admitted that she had received a copy of it. Given the strong judicial policy which favors adjudications on the merits, *Dunn v. Profitt,* 408 A.2d 991, 993 (D.C.App.1979), and given the apparent lack of prejudice to appellee reflected on the record, *Garces v. Bradley,* 299 A.2d 142, 144 (D.C.App.1973),

---

**4.** Because the local rule is identical to the corresponding federal rule, we may look to federal court decisions interpreting the federal rule as "persuasive authority in interpreting [the local rule]." *Vale Properties, Ltd. v. Canterbury Tales, Inc.,* 431 A.2d 11, 13 n. 3 (D.C.App.1981) (citations omitted).

**5.** Similarly, in *Freeman v. Giacomo Costa Fu Andrea,* 282 F.Supp. 525 (E.D.Pa.1968), a complaint was held to have been timely filed when it was personally delivered to the courthouse on time but the clerk's office was closed. *See also Owens-Illinois Glass Co. v. District of Columbia,* 92 U.S.App.D.C. 15, 204 F.2d 29 (1953) (Board member notified and cross-appeal filed by slipping petition for review under the office door of the Board of Tax Appeals).

we are persuaded that the trial court abused its discretion in denying appellant's motion to reinstate her complaint. *See Braxton v. McNamara,* 429 A.2d 183 (D.C. App.1981); *Jones v. Hunt,* 298 A.2d 220 (D.C.App.1972).

Litigation must come to an end sometime. A motion to dismiss which remains unopposed is an effective means to accomplish this result. However, the discretionary scales in this case have tipped in appellant's favor because (1) appellee received a copy of the opposition which was allegedly mailed to the Clerk's Office, (2) the record does not show that appellee would have been prejudiced by the granting of the motion to reinstate the complaint,[6] and (3) appellant filed the motion to reinstate

expeditiously after discovering that the motion to dismiss had been granted. We therefore reverse the trial court's order denying the motion to reinstate the complaint and remand this case with directions to allow appellant to file her opposition to the motion to dismiss within a reasonable time, and thereafter to consider and decide the motion to dismiss on its merits.

*Reversed and remanded.*

---

**6.** Although appellee asserts that she will now be prejudiced by reinstatement of the complaint, her claim of prejudice is essentially a revised version of the argument advanced below that the complaint should be dismissed on the ground of laches. We believe that the trial court should consider this claim in the first instance, which it has not yet had an opportunity to do. The only question of prejudice pertinent to this appeal is whether appellee would have been prejudiced by reinstatement of the complaint less than two months after it was dismissed. Appellant's alleged tardiness in filing the complaint in the first place has no bearing on our decision.