**DISTRICT OF COLUMBIA, Appellant,**

v.

**Whitney DAVIS, Appellee.**

**No. 01–CT–1553.**

District of Columbia Court of Appeals.

Argued Oct. 10, 2002.

Decided Dec. 5, 2002.

Rosalyn Calbert Groce, Supervisory Corporation Counsel, with whom Robert R. Rigsby, Corporation Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for appellant.

Herbert N. Harmon, for appellee.

Before TERRY and STEADMAN, Associate Judges, and NEWMAN, Senior Judge.

NEWMAN, Senior Judge:

Whitney Davis sought to seal the record of her arrest for a minor infraction of the District's drinking statute. The District of Columbia now claims that the trial court abused its discretion in granting Davis' motion to seal her arrest record when she did not show, by clear and convincing evidence, that no crime was committed or that she did not commit the crime. We agree with the District; we reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Facts*

On November 17, 2000, Davis was walking down a public sidewalk in the District with an open bottle of beer in her hand. She was stopped by two police officers who, when they discovered she was only twenty years old,[1] placed her under arrest for underage possession of an alcoholic beverage, in violation of D.C.Code § 25–103(a) (March 2000 Supp). She was advised of her rights and released on citation. After an information was filed against Davis as a result of the arrest, the District offered her a chance to enter the Pretrial Diversion program in lieu of further prosecution of the case. Davis entered the program and completed it, at which point the government entered a *nolle prosequi* in the case.

### B. *Procedure*

On June 28, 2001, Davis filed a motion to seal her arrest record. On July 5th, the trial court ordered the government to respond to the motion within sixty days. On October 9th, the government filed a re-

---

1. Davis was one week shy of her twenty-first birthday.

sponse opposing the motion and a motion for enlargement of time. On October 10th, the government filed a second opposition. Davis opposed both of the government's oppositions on the grounds that they were filed too late, noting that under Super. Ct.Crim. R. 47–I(c), the court could treat the motion as conceded, but did not specifically ask that the court do so. The trial court issued its Order to Seal Arrest Record on November 9, 2001, without holding a hearing. In the order, the court did not note that it considered the motion to seal conceded, nor did it grant Corporation Counsel's motion for enlargement of time. The court simply found that Davis had completed the Pretrial Diversion Program after her arrest and that the government had dismissed the case by entering a *nolle prosequi.*

## II. ANALYSIS

### A. *Standard of Review*

■ Judicial decisions under Rule 118 constitute findings of fact. If the trial court "finds by clear and convincing evidence that the offense for which the movant was arrested did not occur or that the movant did not commit the offense" it must seal the record. Super. Ct.Crim. R. 118(e) (2001). The trial court's factual findings under Rule 118 are therefore reviewed to determine whether they are "clearly erroneous." *Morris v. United States,* 728 A.2d 1210, 1215 (D.C.1999); *Hawkins v. United States,* 461 A.2d 1025, 1030 n. 6 (D.C.1983), *cert. denied,* 464 U.S. 1052, 104 S.Ct. 734, 79 L.Ed.2d 193(1984); D.C.Code § 17–305(a). However, the decision to treat a motion as conceded is "committed to the sound discretion of the trial judge." *Garris v. United States,* 295 A.2d 510, 512, n. 3 (D.C.1972) (motion to sup-

press not treated as conceded under Super. Ct.Crim. R. 47–I(c) despite lack of opposition); we review for abuse of discretion. *Cobb v. Cobb,* 462 A.2d 461 (D.C. 1983) (discussing a trial court's decision to treat a motion to dismiss as conceded under Super. Ct. Dom. Rel. R. 7(b)(2) (then R. 7(b)(1)(v)), which contains a provision identical to Super. Ct.Crim. R. 47–I(c)). *See generally Johnson v. United States,* 398 A.2d 354 (D.C.1979) (abuse of discretion).

### B. *Sealing an Arrest Record*

■ Superior Court criminal procedure rules state the guidelines for granting a motion to seal an arrest record as follows: "If, based upon pleadings or following a hearing, the Court finds by clear and convincing evidence that the offense for which the movant was arrested did not occur or that the movant did not commit the offense, the Court shall order the movant's arrest records retrieved and sealed...." Super. Ct.Crim. R. 118(e) (2001). This rule essentially codifies the rule laid down in *District of Columbia v. Hudson,* 404 A.2d 175 (D.C.1979) (en banc) ("*Hudson I*"), and amplified in *District of Columbia v. Hudson,* 449 A.2d 294 (D.C.1982) (en banc) ("*Hudson II*"). As the government points out, Davis has never met this standard.[2] She committed the offense for which she was arrested, could not show otherwise, and except for a bald assertion in her original motion that "there is clear and convincing evidence that no crime was committed by Ms. Davis," she does not try to show that she meets the standard set out in Rule 118. Rather, in opposing this appeal, Davis relies on Rule 47–I, which sets forth the general timing requirements for filing opposing points and authorities to any motion. The last sentence of the rule

---

2. Indeed, at oral argument counsel for Davis candidly admitted that she cannot truthfully

deny that she did in fact commit the charged offense for which she was arrested.

states, "[i]f the opposition is not filed within the prescribed time, the Court may treat the motion as conceded." Super. Ct.Crim. R. 47–I(c) (2001).

### C. *Treating a Motion as Conceded*

■ Super. Ct.Crim. R. 47–I(c) states that once a motion is filed, the non-moving side may oppose the motion. However, "[i]f the opposition is not filed within the prescribed time, the Court may treat the motion as conceded." Super. Ct.Crim. R. 47–I(c) (last sentence). Super. Ct. Civ. R. 12–I(e) and Super Ct. Dom. Rel. R. 7(b)(2) contain identical provisions. The conceded motion provision is a "judicial housekeeping device" intended to serve "the cause of judicial efficiency and case management" and to "benefit [ ] the administration of justice." *National Voter Contact, Inc. v. Versace,* 511 A.2d 393, 397 (D.C.1986).

In some instances where the judge treats a motion as conceded, the judge has in fact simply granted the motion without an examination of the merits of the motion. For example, in *Newton v. United States,* 613 A.2d 332, 335 (D.C.1992), the judge entered an order vacating Newton's convictions on the mistaken belief that motion to vacate had been conceded by the government (under Super. Ct.Crim. R. 47–I(c)). Upon learning of its mistake, the trial court set aside the order. On appeal, we referred to the order vacating as a *"pro forma* order." *Newton, supra,* 613 A.2d at 332, 335. In *Cobb,* we dealt with a motion treated as conceded under Super. Ct. Dom. Rel. R. 7(b)(2) (then R. 7(b)(1)(v)). Appellant sought review of a Superior Court order which treated a motion to

dismiss filed by appellee as conceded and denied appellant's motion to reinstate her complaint. Although we found no abuse of discretion in treating the motion as conceded, we did find an abuse of discretion in the denial of the motion to reinstate the complaint and remanded with instructions that the trial court allow appellant to file her opposition to the motion to dismiss, and "thereafter consider and decide the motion to dismiss on its merits." *Cobb, supra,* 462 A.2d at 464.[3]

In contrast stand cases such as *Kurth v. Dobricky,* 487 A.2d 220 (D.C.1985), *Mahaise v. United States,* 722 A.2d 29 (D.C. 1998), and Super. Ct.Crim. R. 118(c). *Kurth* was a civil case where the trial court dealt with a motion for summary judgment. When the motion went unopposed, the court treated the motion as conceded and granted the motion "simply because no opposition was filed." *Kurth, supra,* 487 A.2d at 224 (internal citations omitted). We held that the trial court "was not free to treat the motion as automatically conceded, given the requirement of Rule 56(c)[4] that the court itself must examine the record to confirm that there is no genuine issue of material fact and that the movant, on the basis of the undisputed material facts, is entitled to judgment as a matter of law." *Id.* (citing *Milton Properties, Inc. v. Newby,* 456 A.2d 349 (D.C. 1983)). We stated in so holding that "[n]o defense to an insufficient showing is required." *Id.* (citing Moore's Federal Practice ¶ 56.22[2] (2d ed.1982)). As codified in Super. Ct. Civ. R. 56(c)'s specific instructions, this concept requires the trial

---

**3.** It should be noted that in both these cases, the outcome was to vitiate reliance on the "conceded" rationale.

**4.** Rule 56 is entitled "Summary Judgment" and states, in pertinent part, "The judgment sought *shall* be rendered forthwith if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." Super. Ct. Civ. R. 56(c).

judge to examine the record for a *prima facie* showing of the elements required for summary judgment when the motion is made. That is, the specific instructions for dealing with motions for summary judgment must be followed before the court may apply the general instructions for treating a motion as conceded.

In *Mahaise*, we reviewed the trial court's decision to deny a motion for sealing an arrest record without a hearing. Although the government submitted no sworn materials with its opposition, the motion was not taken as conceded. Instead the court denied the motion because Mahaise's affidavit did not "establish by clear and convincing evidence that he did not commit the offense with which he was charged." *Mahaise, supra,* 722 A.2d at 30. Since the affidavit was lacking, we held that "it did not require ... a response from the government." *Id.*[5]

██ Finally, Rule 118(c) states: "If it plainly appears from the face of the motion, any accompanying exhibits and documents, the record of any prior proceedings in the case, and any response which the prosecutor *may* have filed, that the movant is not entitled to relief, the Court ... *shall* deny the motion." Super. Ct.Crim. R. 118(c) (emphasis added).[6] In the context of motions for sealing arrest records, Super. Ct.Crim. R. 118(c) essentially codifies the rubric, as is the case with Super. Ct. Civ. R. 56(c), on summary judgments that no defense to an insufficient showing

is required. *See Kurth, supra,* 487 A.2d 220. The general principle discernible from our cases construing Super. Ct.Crim. R. 47–I(c) and its counterparts is that it may properly be utilized only where the movant has established a *prima facie* entitlement to relief.[7]

### III. CONCLUSION

██ Because specific instructions exist for handling motions to seal the record, the trial court must apply them first before applying the more general instructions on treating a motion as conceded. The operation of Super. Ct.Crim. R. 118(c) on Rule 118(e) means that a court must look to see if the moving party has made a *prima facie* showing to support a motion for sealing a record. If the movant has made such a showing, then the court may grant the motion as conceded if no opposition has been filed. Davis did not make the required *prima facie* showing under Rule 118(c). Since this is so, the trial judge was obliged to deny her motion, Corporation Counsel's opposition (or lack thereof) notwithstanding. He committed an error of law in failing to do so. Having committed such an error, the trial court abused its discretion in granting relief. *Johnson, supra,* 398 A.2d at 368.

*Reversed.*

STEADMAN, Associate Judge, concurring.

I entirely agree with the reasoning and conclusion that the specific requirements

---

5. We note that Davis filed only a motion with no accompanying affidavit or other sworn statement in support of her motion. As noted in *supra* note 2, however, she could not truthfully swear either that no crime was committed or that she did not commit the crime.

6. Rule 118(b) provides: "If the prosecutor does not intend to oppose the motion, the prosecutor shall so inform the Court and the movant, in writing, within 30 days after the

motion has been filed. Otherwise, the prosecutor shall not be required to respond to the motion unless ordered to do so by the Court, pursuant to paragraph (c) of this Rule."

7. We say "general principle" to leave room for the possibility of a case on facts which we cannot presently hypothesize which might prove an "exception" to the "general principle."

of Super. Ct.Crim. R. 118 control over the general "treat as conceded" provision of Super. Ct.Crim. R. 47–I(c), just as our case law has held that Super. Ct. Civ. R. 56 controls over Super. Ct. Civ. R. 12–I(e). I would stop there in deciding this appeal and not venture to develop any "general principle" applicable to all criminal and civil motions to which Crim. R. 47–I(c) and its civil counterparts apply. Such motions can run the gamut from routine to dispositive. It seems to me premature to suggest that a conscientious and overworked trial judge must in all unopposed motions matters determine whether the movant has made a prima facie case for whatever may be sought. Indeed, if this be so, it is hard to see what the "treat as conceded" provision was intended to effectively accomplish.[1]

1. I might add in passing that even if Davis had reached the age of twenty-one, she would have violated the provision applicable to all individuals banning possession on a public street of an alcoholic beverage in an open container. That offense at the time of Davis's violation bore a penalty up to ninety days imprisonment and a $100 fine, D.C.Code § 25–128(e) (March 2000 Supp.), which has subsequently been increased to $500. D.C.Code § 25–1001(d) (2001).