DISTRICT OF COLUMBIA, Appellant,

v.

Linden–Liante J. HOUSTON, Appellee

No. 02–CT–1011, 02–CT–1097.

District of Columbia Court of Appeals.

Argued Dec. 10, 2003.
Decided Feb. 26, 2004.

Rosalyn Calbert Groce, Supervisory Corporation Counsel, with whom Arabella W. Teal, Interim Corporation Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corporation Counsel at the time the brief was filed, and Sidney R. Bixler, Assistant Corporation Counsel, were on the brief, for appellant.

Herbert J. Malveaux, appointed by the court, for appellee.

Before TERRY, GLICKMAN, and WASHINGTON, Associate Judges.

TERRY, Associate Judge:

In these consolidated appeals, the District of Columbia challenges a decision by the trial court to grant appellee's motion under Super. Ct.Crim. R. 118 to seal the record of his arrest for disorderly conduct. The District makes three arguments. First, it contends that the trial court mistakenly ordered the United States Attorney's Office to respond to appellee's motion, and that consequently the District did not learn of the court's order directing a response until the deadline for responding had passed. Second, the District maintains that the court erred in treating appellee's motion to seal as conceded because the motion did not make a *prima facie* showing that he was entitled to relief, as the case law requires. Third, the District asserts that the trial court's reasons for granting appellee's motion were legally unsound. We agree with the first and third arguments (we do not reach the second) and remand the case for further proceedings, specifically including the filing of a response by the District to appellee's motion to seal and consideration of that response by the court before ruling anew on appellee's motion.

I

Appellee Houston was arrested for disorderly conduct on January 12, 2002. Later that same day, the Corporation Counsel no-papered the disorderly conduct charge.[1] A "No Paper and Change of Charge Slip," which is in the record, bears the signature of an Assistant Corporation Counsel.

On April 5, 2002, Mr. Houston filed a motion, pursuant to Criminal Rule 118, to seal the record of his arrest. The motion requested—incorrectly—that "the United States Attorney" be ordered to collect and seal all records of Houston's arrest on January 12, including photographs, fingerprints, and computer files. The certificate

---

1. In the parlance of the Superior Court, when a prosecutor decides not to proceed on a charge on which a person has been arrested, the charge is said to be "no-papered," *i.e.,* dismissed. A written record of that dismissal is made in the criminal case file.

of service accompanying the motion stated that a copy had been served on "the Office of the United States Attorney," but it made no mention of the Corporation Counsel, nor did the motion itself. On May 28 the court ordered the United States Attorney's Office to respond to appellee's motion by June 28.[2]

The District of Columbia did not learn of the court's May 28 order until July 17. On August 7 the Corporation Counsel, on behalf of the District, filed a motion requesting more time to respond to appellee's motion, explaining that "[t]he Order to respond, as well as the defendant's motion, had been sent to the U.S. Attorney's Office instead of the Office of the Corporation Counsel. By the time the order reached this office, the deadline imposed by this Court for a response had already passed." [3] On August 22, without ruling on the Corporation Counsel's motion, the trial court granted appellee's motion to seal, stating: "No opposition or any other pleading was filed *by the United States.*

Consequently, the Court will treat the motion as conceded." [Emphasis added.] The court ordered that "the disorderly conduct charge shall be expunged by the Metropolitan Police Department, to the extent prescribed in D.C.Code 33–541(e)(2) and Super. Ct.Crim. R. 32(f)(1)." [4]

On August 29, one week later, the Corporation Counsel filed a second motion requesting more time to respond.[5] The court denied this motion on September 9, explaining that it had "already granted Defendant's Motion to Seal on August 22, 2002, based on the charge being no-papered, this Court's acceptance of Defendant's version of the facts surrounding the arrest (not disputed through the Form 163), and the lack of timely opposition to Defendant's motion." The District noted appeals from both the August 22 order and the September 9 order.

## II

■ The District's primary argument on appeal is that the trial court abused its

---

**2.** This deadline was incorrect. Rule 118(c) provides in part: "In the event the motion [to seal] is not denied, the Court shall order the prosecutor to file a response to the motion, if the prosecutor has not done so. Such response shall be filed and served within 60 days after entry of the Court's order." Rule 118(b) provides that "[i]f the prosecutor does not intend to oppose the motion, the prosecutor shall so inform the Court and the movant, in writing, within 30 days after the motion has been filed." That provision, however, does not apply when the court issues an order to the prosecutor directing a response. Rather, Rule 118(b) goes on to state that "[o]therwise, the prosecutor shall not be required to respond to the motion unless ordered to do so by the Court, *pursuant to paragraph (c) of this Rule* " (emphasis added). Therefore, even if the United States Attorney had been the correct prosecutor, the court would still have erred because it failed to give the United States Attorney the full sixty days allowed by Rule 118(c) within which to respond.

**3.** The Corporation Counsel also stated that it "has taken some time to obtain the PD–163,"

a police document containing essential information about the arrest.

**4.** The trial court erred in two respects by ordering the disorderly conduct charge to be "expunged ... to the extent prescribed in D.C.Code 33–541(e)(2) and Super. Ct.Crim. R. 32(f)(1)." First, and more fundamentally, Rule 118 does not authorize expungement, but only the "sealing" of an arrest record. *See also District of Columbia v. Hudson,* 404 A.2d 175, 182 (D.C.1979) (en banc). Second, the statute and the rule cited by the court were inapplicable to appellant's case. Both D.C.Code § 33–541(e)(2) (1998) and Rule 32(f) relate only to persons charged with certain drug offenses, whereas Mr. Houston was charged with disorderly conduct, a non-drug offense.

**5.** The second motion was substantially the same as the first motion, except that it reported that the PD–163 (see note 3, *supra* ) had been located.

discretion in denying the District's motion for more time to respond to Mr. Houston's motion to seal because the court ordered the wrong prosecutor, the United States Attorney, to file a response. As a consequence, the District did not learn of the court's May 28 order until the deadline for responding (June 28) had passed. We agree with the District that in these circumstances the court abused its discretion.

■ Rule 118(c) makes clear that if a response to a motion to seal an arrest record is warranted, the court must order *the prosecutor who handled the case* to respond to the motion. The rule states in part, "In the event the motion is not [summarily] denied, the Court shall order the prosecutor to file a response to the motion, if the prosecutor has not already done so." The word "prosecutor" in the rule cannot be construed to mean anything other than the prosecutor who originally brought the case. We say this because there are two prosecutors in the District of Columbia, the United States Attorney (representing the United States) and the Corporation Counsel (representing the District). Their respective duties are set forth in various statutes, mainly in D.C.Code § 23–101 (2001). Mr. Houston ignores this distinction when he argues that the trial court's order directing the United States Attorney to respond was correct because the United States Attorney's office represents "the government." This argument is unpersuasive because Rule 118(c) specifically states that the trial court shall order "the prosecutor"—not "the government"—to respond to a motion to seal. Given the division of prosecutorial authority between two separate offices, and particularly in light of D.C.Code § 23–101, we can only conclude that the use of the word "prosecutor" in this rule was the result of a conscious choice by its drafters, no doubt in an effort to avoid any uncertainty as to *which* prose-

cutor would be the relevant one in a given case.

■ Moreover, the record affirmatively shows that it was an Assistant Corporation Counsel who no-papered appellee's disorderly conduct charge, and for that reason, if no other, the court should have ordered the Corporation Counsel to respond to the motion to seal. Even if the trial court overlooked the "No Paper and Change of Charge Slip" in the court file, it should have recognized that the Corporation Counsel prosecutes disorderly conduct charges in the District of Columbia. *See* D.C.Code § 23–101(b) ("Prosecutions for ... disorderly conduct ... shall be conducted in the name of the District of Columbia by the Corporation Counsel or his assistants"); *United States v. Bailey*, 495 A.2d 756, 760 n. 10 (D.C.1985) (noting that "prosecuting authority for crimes committed in the District is bifurcated" and that the Corporation Counsel prosecutes certain types of misdemeanors, such as disorderly conduct). Thus the court erred in ordering the United States Attorney's office—which had no prior contact with this case at all—to file a response to Mr. Houston's motion.

■ We are also satisfied that the District's motions for additional time to respond demonstrated excusable neglect—or, more precisely, we hold that the court abused its discretion in refusing to find excusable neglect. The District explained in its motions that it needed more time because the court had mistakenly ordered the United States Attorney's Office to respond, and hence it did not even know about the court's order until the deadline for responding had passed. When the deadline for responding to a motion has passed, Super. Ct.Crim. R. 45(b)(2) allows the court, in its discretion, to extend the time for responding "if the failure to act was the result of excusable neglect." "To

demonstrate excusable neglect, [a party] must show that he has done all he could do under the circumstances to [file a response] within the time prescribed by the rules." *Thomas v. United States,* 586 A.2d 1228, 1229 (D.C.1991); *see also, e.g., Pryor v. Pryor,* 343 A.2d 321, 322 (D.C.1975) ("Excusable neglect has been held to include lack of knowledge of entry of a judgment"). Put another way, there must be "some reasonable basis for non-compliance with the time specified in the rules." *Dada v. Children's National Medical Center,* 715 A.2d 904, 908 (D.C.1998) (citation omitted). On the specific record before us, we conclude that the District's explanation showed a "reasonable basis" for its failure to respond to appellee's motion. It was, after all, the court itself that made the mistake which prevented the District from responding, and under the circumstances the District did all that it could do, once it learned of that mistake, to inform the court about it and ensure that it had an opportunity to respond. *See Thomas,* 586 A.2d at 1229–1230.

■ We note also that the District filed its first motion for additional time before the trial court even ruled on appellee's motion to seal. This fact strongly suggests that the District was not willing to concede appellee's motion, and thus that the court could have corrected its mistake and granted the District additional time to respond before ruling. A somewhat similar set of circumstances was presented in *Newton v. United States,* 613 A.2d 332, 335 (D.C.1992), in which we held that the trial court had the power to "set aside a procedural flaw involving an order entered inadvertently and on the mistaken assumption that [the] motion had been conceded by the government." In *Newton* a convicted defendant filed a motion to vacate his sentence under D.C.Code § 23–110 (2001) on the ground of ineffective assistance of counsel. The trial court granted the motion, concluding that it was conceded because the government did not file a response. The government promptly filed a motion to vacate the court's order, arguing that it did not have an opportunity to respond to the motion to vacate because the trial court had failed to notify it of the motion, as section 23–110(c) requires.[6] The court then corrected its mistake and set aside its order granting the § 23–110 motion. We affirmed that ruling because "a trial court has 'inherent power to correct its record so as to reflect the truth and insure that justice be served.'" *Id.* at 334 (citation omitted). In a later case discussing *Newton,* we commented that if the trial court had not corrected its mistake, the government "could have appealed the court's ruling on the ground that the court had denied it the statutorily required opportunity to respond to Newton's motion ...." *Smith v. United States,* 687 A.2d 581, 586 (D.C.1996). Thus *Newton* supports our conclusion that the trial court in this case should have granted the District additional time to respond to the motion to seal.

### III

■ The District argues in the alternative that the trial court erred in treating Mr. Houston's motion to seal as conceded because Houston did not present a *prima facie* case, as required by this court's decision in *District of Columbia v. Davis,* 811 A.2d 800 (D.C.2002). In *Davis* we held that "a court must look to see if the mov-

---

6. D.C.Code § 23–110(c) provides in pertinent part:

> Unless the motion and files and records of the case conclusively show that the pris-

oner is entitled to no relief, the court shall cause notice thereof to be served upon the prosecuting authority ....

ing party has made a *prima facie* showing to support a motion for sealing a record. If the movant has made such a showing, then the court may grant the motion as conceded if no opposition has been filed." *Id.* at 804. Because the trial court should have realized, from the District's two motions for additional time, that there was potential opposition to Mr. Houston's motion, we leave to the trial court on remand the issue of whether he presented a *prima facie* case. The trial court's error in treating the motion as conceded lies in the fact that it prevented the District from opposing Mr. Houston's motion. On remand, the District will have an opportunity to challenge the motion on the merits, and after it has done so, the trial court will be in a position to decide the *Davis* issue in the first instance.

## IV

 The District's final contention is that the trial court's basis for granting the motion to seal was legally unsound. The court's ruling was "based on the charge being no-papered, this Court's acceptance of Defendant's version of the facts surrounding the arrest (not disputed through the Form 163) and the lack of timely opposition to Defendant's motion." As the District points out, however, the fact that a case is no-papered does not mean that a Rule 118 motion should be granted. A decision to prosecute or not to prosecute someone for a crime is a matter within the almost total discretion of the prosecutor and is, in all but the most unusual cases, not subject to second-guessing by the court. *See, e.g., Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) ("the decision whether or not to prosecute ... generally rests entirely in [the prosecutor's] discretion"); *Fedorov v. United States,* 600 A.2d 370, 376 (D.C. 1991) (en banc) ("Courts are properly hesitant to examine the government's decision

to prosecute because that decision 'is particularly ill-suited to judicial review' ") (citing *Wayte v. United States,* 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985)). The requirements for granting a Rule 118 motion to seal an arrest record, on the other hand, are much narrower and more strict. *E.g., White v. United States,* 582 A.2d 1199, 1201 (D.C.1990) ("To prevail on a motion to seal arrest records, the movant must prove by clear and convincing evidence that the crime for which the movant was arrested did not occur or that the movant did not commit the crime charged"); *see* Rule 118(e) (requiring court to find "by clear and convincing evidence that the offense for which the movant was arrested did not occur or that the movant did not commit the offense"). On the limited record available to us, we can only conclude that Mr. Houston's motion fails to meet this strict standard as set forth in *White* and other cases, and in the rule itself. Furthermore, as we have emphasized throughout this opinion, there was no "lack of timely opposition" because the trial court made it impossible for a "timely opposition" to be filed when it ordered the wrong prosecutor to respond.

## V

The orders from which these appeals have been taken are therefore reversed. The case is remanded to the trial court for further proceedings consistent with this opinion.

*Reversed and remanded.*