Gerald T. DAWKINS, Appellant,

v.

UNITED STATES, Appellee.

No. 86–218.

District of Columbia Court of Appeals.

Submitted Nov. 19, 1987.
Decided Jan. 20, 1988.

Judith L. Gorfkle, Washington, D.C., appointed by the court, for appellant.

Claire M. Fay, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before PRYOR, Chief Judge, and FERREN and BELSON, Associate Judges.

PER CURIAM:

Appellant Gerald T. Dawkins argues in this appeal that the trial court erred in not affording him a hearing on his motion to seal his arrest record. Because we find that the trial court did not abuse its discretion in refusing to hold such a hearing, we affirm.

Metropolitan Police records show that on March 4, 1985, appellant assaulted Burton

Farr, Jr., by holding a gun to Farr's head and asking the whereabouts of his roommate, Fred Shegog, who had served a prison term for murdering appellant's father. Appellant held Farr and another person at gunpoint while searching the apartment, and left after stating that he would be watching the apartment and would kill Shegog on sight. Police arrested appellant three days later, charging him with assault, threats, and possession of a prohibited weapon.

On June 24, 1985, the trial court dismissed the charges when the complainants failed to appear for trial. Appellant subsequently filed a motion to seal his arrest record, alleging that (1) he was with a friend at the time of the alleged assault, (2) the complaining witnesses no longer desired to proceed with the case, and (3) Farr had told a third person that Shegog pressured him into making false allegations against appellant. Pursuant to Super.Ct. Crim.R. 118, the trial court ordered the United States Attorney to file a response to appellant's motion. The trial court then denied appellant's motion without a hearing. In this appeal, appellant argues that the court erred in not affording him such a hearing.

The individual making the motion to seal arrest records bears the burden of showing by clear and convincing evidence that "the arrest was based on mistaken identity or that no crime had in fact been committed at the time of his arrest." *District of Columbia v. Hudson*, 404 A.2d 175, 179 (D.C. 1979) (en banc). Clear and convincing evidence is such evidence as would "produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." *Id.* at 179 n. 7 (quoting *In re Estate of Soeder*, 7 Ohio App.2d 271, 220 N.E.2d 547 (1966)). This high burden of proof exists because "the court must balance the interest of the individual in having an incorrect record corrected with the interest of society in maintaining records of events, *viz.*, arrests, that would assist law enforcement officials to apprehend criminals in the future." *Id.* at 179.

■ ■ Super.Ct.Crim.R. 118 sets forth the procedure for the sealing of arrest records.[1] Following termination of prosecution, any person having been arrested may file a motion to seal the arrest

---

1. Super.Ct.Crim.R. 118 states in pertinent part:

(a) *Motion for sealing and declaratory relief.* Any person arrested for the commission of an offense punishable by the District of Columbia Code, whose prosecution has been terminated without conviction and before trial, may file a motion to seal the records of the person's arrest within 120 days after the charges have been dismissed. For good cause shown and to prevent manifest injustice, the person may file a motion within 3 years after the prosecution has been terminated, or at any time thereafter if the government does not object. As to arrests occurring on or after July 19, 1979, but before the adoption of this Rule, a motion may be filed within 120 days after the adoption of this Rule. The motion shall state facts in support of the movant's claim and shall be accompanied by a statement of points and authorities in support thereof. The movant may also file any appropriate exhibits, affidavits, and supporting documents. A copy of the motion shall be served upon the prosecutor.

(b) *Response by prosecutor.* If the prosecutor does not intend to oppose the motion, the prosecutor shall so inform the Court and the movant, in writing, within 30 days after the motion has been filed. Otherwise, the prosecutor shall not be required to respond to the motion unless ordered to do so by the Court, pursuant to paragraph (c) of this Rule.

(c) *Initial review by Court; summary denial; response by prosecutor.* If it plainly appears from the face of the motion, any accompanying exhibits and documents, the record of any prior proceedings in the case, and any response which the prosecutor may have filed, that the movant is not entitled to relief, the Court, stating reasons therefore on the record or in writing, shall deny the motion and send notice thereof to all parties. In the event the motion is not denied, the Court shall order the prosecutor to file a response to the motion, if the prosecutor has not already done so. Such response shall be filed and served within 60 days after entry of the Court's order. The response shall be accompanied by a statement of points and authorities in opposition, and any appropriate exhibits and supporting documents.

(d) *Court's determination of whether to hold a hearing.* Upon the filing of the prosecutor's response, the Court shall determine whether an evidentiary hearing is required. If it appears that a hearing is not required, the Court shall enter an appropriate order, pursuant to paragraph (f) of this Rule. If the Court determines that a hearing is required, one shall be scheduled promptly.

records. Super.Ct.Crim.R. 118(a). "The motion shall state facts in support of the movant's claim and shall be accompanied by a statement of points and authorities in support thereof. The movant may also file any appropriate exhibits, affidavits, and supporting documents." [2] *Id.* The prosecutor must inform the court in writing if the government does not intend to oppose the motion, but need not otherwise respond to the motion unless ordered to do so by the court. Super.Ct.Crim.R. 118(b). Upon receipt of the motion, the trial court shall issue a summary denial thereof "[i]f it plainly appears from the face of the motion, any accompanying exhibits and documents, the record of any prior proceedings in the case, and any response which the prosecutor may have filed, that the movant is not entitled to relief[.]" Super. Ct.Crim.R. 118(c). If the court does not deny summarily, it must order the prosecutor to file a response to the motion. *Id.* Once the prosecutor's response is filed, "the Court shall determine whether an evidentiary hearing is required." Super.Ct. Crim.R. 118(d). "If, based upon the pleadings or following a hearing, the Court finds by clear and convincing evidence that the offense for which the movant was arrested did not occur or that the movant did not commit the offense, the Court shall order" that the arrest records be retrieved and sealed. Super.Ct.Crim.R. 118(e).

■ In the instant case, appellant maintains that no crime took place, and that in any event he did not commit it. By contrast, the government maintains that a crime did take place, and that appellant committed it. Appellant argues that because the trial court did not summarily deny appellant's motion to seal the arrest record, but instead ordered the prosecutor to file a response pursuant to Rule 118(c), the court implicitly found that appellant had made a *prima facie* showing of disputed facts which, if found in appellant's favor, would entitle appellant to relief.

Appellant argues that where a movant's allegations are in dispute, a hearing is required. We do not agree.

Appellant equates (1) the trial court's decision to require a prosecutor's response with (2) a *prima facie* showing that appellant was entitled to relief, and then argues that once that *prima facie* showing has been made, the movant is entitled to a hearing. We cannot agree with this line of reasoning. Where a party moves to have his arrest records sealed, Rule 118(b) *requires* the prosecutor to respond in writing *only* if he does not intend to oppose the motion, but the prosecutor has the *option* of filing or not filing a response if the government opposes the motion. Rule 118(c) recognizes that a trial court, having before it a motion to seal, will have to rule on the basis of various information, including "any response which the prosecutor *may* have filed." Super.Ct.Crim.R. 118(c) (emphasis supplied). Where the prosecutor has elected not to file a response in opposition to the motion, Rule 118(c) gives the trial judge the option of proceeding, where appropriate, to enter a summary denial or, taking a more cautious approach, ordering a prosecutor's response and deferring decision until after that response is received. Appellant would have this court adopt something of an "all or nothing" approach by holding that where the trial court does not issue a summary denial of the motion to seal, but instead directs a response by the government, the court's decision to move forward more deliberately represents *de facto* recognition that the movant's claim has sufficient merit to warrant a hearing. Such an approach is contrary to the language of the rule.

■ Rule 118(d) states that "[u]pon the filing of the prosecutor's response, the Court shall determine whether an evidentiary hearing is required." The rule then states that the court should enter an appropriate order "[i]f it appears that a hearing

2. In the instant case, appellant's representations in support of his motion to seal were little more than bald assertions of fact, since he did not submit affidavits or similar evidence tending to support his various contentions. It is clear from the record, however, that even if appellant had made his submission in affidavit form, the circumstances of this case would not permit a finding in appellant's favor under the clear and convincing standard required by *Hudson.*

is not required." *Id.* The narrow question before this Court is when, or under what circumstances, a hearing is required. The language of Rule 118 unequivocally places such a determination within the broad discretion of the trial court. The fact that a trial court wishes to reserve judgment on a motion to seal until after it receives a prosecutor's report does not automatically require a hearing. We therefore hold that where a trial court determines that a hearing would not result in evidence sufficient to meet the clear and convincing standard required for the sealing of arrest records, the court may in its discretion deny the request for a hearing.[3]

■ Under the circumstances of this case, the trial court did not abuse its broad discretion. There remained a factual dispute as to what actually happened on the date of the charged offenses. One complaining witness wrote a note stating that he did "not wish to prosecute Mr. Gerald Dawkins for the events which occurred on March 4 of 1985" and thereby suggested that there was an incident on that date which required at least a decision as to whether to prosecute. The other victim did not make even so equivocal a statement. Appellant's other grounds for sealing rested on the barest of assertions.

Accordingly, the trial court's order denying appellant's request for a rehearing on his motion to seal arrest records is

*Affirmed.*

---

**3.** We reject appellant's contention that issues relating to the sealing of arrest records, or the maintenance of them, somehow implicate his privacy or liberty interests and therefore require a due process hearing. The Supreme Court has held that its prior cases do "not establish the proposition that reputation alone, apart from some more tangible interests such as employment, is either 'liberty' or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause." *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1161, 47 L.Ed.2d 405 (1976).