Mohammad REZVAN, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 89–383.

District of Columbia Court of Appeals.

Argued March 16, 1990.

Decided Nov. 27, 1990.

James E. Ablard, McLean, Va., for appellant.

Mary L. Wilson, Asst. Corp. Counsel, with whom Herbert O. Reid, Sr., Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before NEWMAN, BELSON and TERRY, Associate Judges.

BELSON, Associate Judge:

Appellant Mohammad Rezvan appeals from the trial court's denial of his motion to seal his record of arrest for disorderly conduct. We affirm.

This case stems from a traffic ticket a police officer gave Rezvan for an illegal left turn. After receiving the ticket, Rezvan followed the police officer back to his scout car and screamed at the officer for more than five minutes. An eyewitness described Rezvan's voice as "a rather high decibel, highly excited, perhaps agitated, yelling," and that "it sounded almost like a siren." This occurrence took place near a subway stop, and a large crowd gathered. Rezvan was arrested and charged with disorderly conduct in violation of D.C.Code § 22–1121(1) (1989 Repl.).

At trial, the hearing commissioner found that Rezvan did not have the "necessary criminal intent" to commit the offense of disorderly conduct and acquitted him.[1] One hundred and forty three days after his acquittal, Rezvan filed a motion to have his arrest record sealed. The trial court denied the motion without a hearing, stating that Rezvan was not entitled to relief under Superior Court Criminal Rule 118[2] because

---

1. This statement of facts is taken from recitations of fact set forth in the government's opposition to Rezvan's motion for expunction filed in the trial court. Rezvan has not contradicted this recitation of facts either in the trial court or before this court. The transcript of the trial before the hearing commissioner is not part of the record.

2. Super.Ct.Crim.R. 118(a) (1989) provides in part:

the prosecution was not terminated before trial. In so ruling, the trial court took the position urged upon it by the District of Columbia. On appeal, however, the District acknowledges that Rule 118 does not define or limit the full extent of the Superior Court's authority to seal arrest records. We agree, and hold that the trial court erred in ruling that Rezvan was automatically precluded from having his arrest record sealed just because his case had proceeded to trial. We affirm, however, on other grounds.

It has long been recognized in this jurisdiction that the trial court has equitable authority to expunge arrest records. *See Irani v. District of Columbia,* 272 A.2d 849, 851 (D.C.1971); *Sullivan v. Murphy,* 156 U.S.App.D.C. 28, 58, 478 F.2d 938, 968, *cert. denied,* 414 U.S. 880, 94 S.Ct. 162, 38 L.Ed.2d 125 (1973); *Morrow v. District of Columbia,* 135 U.S.App.D.C. 160, 175, 417 F.2d 728, 743 (1969). The trial court may exercise this authority when "necessary and appropriate in order to preserve basic legal rights." *Sullivan, supra,* 156 U.S. App.D.C. at 58, 478 F.2d at 968.

In *District of Columbia v. Hudson (Hudson I),* this court held that a citizen who is arrested but not subsequently prosecuted may be entitled to have the record of the arrest sealed, but to obtain that relief the citizen must carry the heavy burden of showing by clear and convincing evidence that the arrest was based on mistaken identity or that no crime had in fact been committed at the time of his arrest. 404 A.2d 175, 179 (D.C.1979) (en banc); *see also District of Columbia v. Hudson,* 449 A.2d 294 (D.C.1982) (en banc) (*Hudson II*). In order to implement our holdings in *Hudson I* and *Hudson II,* the Superior Court promulgated Rule 118, which sets forth procedures for obtaining the sealing of ar-

rest records when a prosecution terminates prior to trial.

■ Rule 118, however, does not purport to provide the exclusive means of obtaining the sealing of arrest records. Where a citizen is arrested and acquitted after standing trial, the trial court still possesses the equitable authority to seal an arrest record. To be entitled to the sealing of an arrest record after there has been a trial, however, the movant must meet an even higher standard than when prosecution terminates before trial. In addition to showing by clear and convincing evidence that no crime occurred or that the arrest was based on mistaken identity, the movant must establish the existence of some other circumstance that would make it manifestly unjust to decline to seal the arrest record in question, for example, that the arrest was made without probable cause,[3] that the arrest was otherwise in violation of constitutional rights, or that there was bad faith on the part of the prosecutor in continuing with the prosecution. *Cf. Sullivan, supra,* 156 U.S.App.D.C. at 58–59, 478 F.2d at 968–69 (1973); *Menard v. Mitchell,* 139 U.S.App.D.C. 113, 119, 430 F.2d 486, 492 (1970).

■ As is the case with motions for relief under Rule 118, the trial court enjoys broad discretion in deciding whether to hold a hearing on a motion to seal an arrest record where a trial has been held. *See* Super.Ct.Crim.R. 118(d); *Dawkins v. United States,* 535 A.2d 1383, 1385–86 (D.C. 1988). In order to prompt the trial court to exercise its discretion in favor of holding a hearing, the movant must allege one of the grounds for demonstrating manifest injustice set out above, or some other equally compelling basis for relief.

---

Any person arrested for the commission of an offense punishable by the District of Columbia Code, whose prosecution has been terminated without conviction and before trial, may file a motion to seal the records of the person's arrest within 120 days after the charges have been dismissed. For good cause shown and to prevent manifest injustice, the person may file a motion within 3 years after the prosecution has been terminated, or at

any time thereafter if the government does not object.

3. The United States Court of Appeals for the Tenth Circuit has suggested that such relief would be appropriate when the "arrest represented harassing action by the police." *United States v. Linn,* 513 F.2d 925, 927 (10th Cir.1975). This ground is subsumed within the category of arrests without probable cause.

Turning to the facts in this case, we see that Rezvan, in his motion to have his arrest record sealed, did not allege any constitutional violation, lack of probable cause for his arrest, or bad faith on the part of the prosecutor. Indeed, the record indicates that there was probable cause to arrest Rezvan for disorderly conduct. At trial Rezvan filed a motion for judgment of acquittal, which the trial court denied. The denial of such a motion indicates that the case was not prosecuted in bad faith and that the government presented a *prima facie* case of guilt.

Rezvan's motion for relief was essentially a mere recitation of the fact that the District of Columbia had been unable to convince the hearing commissioner beyond a reasonable doubt that Rezvan was guilty as charged. Under these circumstances, it is clear that Rezvan's motion fails to furnish any indication that there is available to him a basis upon which he can successfully ask the trial court to exercise its discretionary equitable authority to order his arrest record sealed to avoid manifest injustice. Similarly, Rezvan afforded the trial court no basis for exercising its discretion to hold a hearing on his motion, thus making pointless a remand for the purpose of permitting the exercise of that discretion.[4]

Accordingly, the ruling of the trial court is

*Affirmed.*

---

**4.** The government further argues that because Rezvan filed the motion to seal his arrest record 143 days after his acquittal, the motion should be deemed untimely. The government urges this court to adopt time limits for filing a post- trial motion to seal an arrest record that corresponds to the time limits under Rule 118. Because we find that Rezvan is not eligible for relief, we need not address this issue in this case.