**Reginald B. WHITE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 89–949.**

District of Columbia Court of Appeals.

Submitted Oct. 19, 1990.
Decided Dec. 7, 1990.

financial means.

---

7. In his appeal, the father does not challenge the trial court's finding that he was not without the

Carmen A. Jacobs, Washington, D.C., was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., John R. Fisher, Thomas E. Zeno, and James F. Rutherford, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before ROGERS, Chief Judge, BELSON, Associate Judge, and REILLY, Senior Judge.

PER CURIAM:

Appellant Reginald B. White argues on this appeal that the trial court abused its discretion in failing to conduct a hearing on his motion to seal his arrest record. We agree, reverse, and remand for further proceedings.

A police report submitted by the government in opposition to White's motion contained a statement of the facts surrounding his arrest. It indicated that while patrolling an area of Ft. Totten Park, officers of the United States Park Police observed a Suzuki 4x4 parked illegally in the woods and decided to investigate. Upon approaching the vehicle, the officers noticed the odor of burning marijuana, and identified themselves as police officers to three men who were near the vehicle, at which point the three men threw several objects to the ground. The officers found no drugs on White, but recovered from the ground near the three men a partially consumed cigarette containing marijuana, an unrolled cigarette paper containing suspected marijuana, and two baggies one of which contained a white powdery residue. Thereafter, the officers arrested White, along with codefendants Chamberlain and Cheeks, for possession of cocaine and marijuana. According to the report, Cheeks stated at the scene that "they" were not doing anything really wrong, that "they" had just come to the park to "get high," and that "they" were not "hitting the pipe" as a heavy cocaine user would. The report did not specify to whom Cheeks was referring when he used the word "they." The United States Attorney's Office elected not to prosecute White and "no papered" the charges on May 31, 1988.

On November 3, 1988, White filed a motion to seal his arrest record.[1] Pursuant to Superior Court Criminal Rule 118(c), the trial court ordered the government to respond to White's motion. After the government filed its opposition to the motion, the trial court ordered White to sub-

1. White failed to file his motion within 120 days after the charges had been dismissed. However, Rule 118(a) permits a movant to file a motion to seal arrest records after the 120 day period in two situations. First, a movant may file his motion within three years after the prosecution has been terminated upon showing good cause and to prevent manifest injustice. Super.Ct.Crim.R. 118(a). Second, he may file his motion at any time after the prosecution has been terminated if the government does not object. Id. In the instant case, the government did not object to the late filing. Thus, White's failure to file within the 120 day time limit does not preclude his prevailing on his motion.

mit affidavits of proposed testimony, copies of documentary evidence, and written arguments demonstrating why summary denial of his motion was not appropriate. In response to this order, White submitted two affidavits. In the first, White swore that he did not smoke any marijuana or cocaine-based cigarette, that he did not throw any objects to the ground when the police arrived, that he did not have any illegal drugs on him, and that the police did not recover any drugs from him. In the second, Chamberlain swore to the same facts to which White swore in the first affidavit. Appellant's version of what occurred, as explained by his counsel, was initially that as he finished washing his vehicle in the park, the other two men came upon the scene, and that these two men, but not appellant, participated in the smoking of a marijuana cigarette. After reviewing the record before it, the trial court denied White's motion to seal his arrest record without a hearing.

■ To prevail on a motion to seal arrest records, the movant must prove by clear and convincing evidence that the crime for which the movant was arrested did not occur or that the movant did not commit the crime charged. Super.Ct. Crim.R. 118(e); *see also Dawkins v. United States,* 535 A.2d 1383, 1385 (D.C.1988); *District of Columbia v. Hudson,* 449 A.2d 294, 299 (D.C.1982) (en banc). The trial court enjoys broad discretion in deciding whether to hold a hearing on a motion to seal an arrest record. *See* Super.Ct. Crim.R. 118(d); *see also Rezvan v. District of Columbia,* 582 A.2d 937, 938 (D.C.1990); *Dawkins, supra,* 535 A.2d at 1385–86. Where a trial court determines that a hearing would not result in evidence sufficient to meet the clear and convincing standard required for the sealing of arrest records, the trial court, in its discretion, may deny the request for a hearing even though there remains some factual dispute as to what actually happened. *Dawkins, supra,* 535 A.2d at 1386. Where, however, the movant has submitted sworn materials that on their face are adequate to establish by clear and convincing evidence that the movant qualifies for relief, and the government

has not submitted any countervailing sworn materials, it is not appropriate for the trial court to deny the motion without a hearing.

■ White's position on appeal is strengthened by the circumstance that the trial court apparently misapprehended some aspects of the unsworn police report. First, the trial court's written order reveals that it assumed that the reference to "they" in the statement made by Cheeks, set forth in the unsworn police report, included all three defendants. The police report did not, in fact, specify who "they" were, and the sworn statements of White and Chamberlain stated, to the contrary, that White was not involved in any illegal conduct. The trial court also assumed that the officers witnessed the three defendants discard "narcotics." However, only the partially consumed cigarette was a narcotic. In addition, there was a lack of evidence as to what object or objects White had discarded to counter the sworn affidavits of White and Chamberlain that White had not thrown any object to the ground. These areas of doubt could readily have been clarified by holding· the hearing requested by White.

Under all the circumstances, we are persuaded that the trial court did not properly exercise its discretion in denying the motion without a hearing when it relied on the unsworn police report to conclude that White would not be able to meet his burden of proof by clear and convincing evidence.

Accordingly, the trial court's order denying White's hearing on his motion to seal his arrest record is

*Reversed and remanded.*