Bernard A. MAHAISE, Appellant,

v.

UNITED STATES, Appellee.

No. 97–CO–1646.

District of Columbia Court of Appeals.

Argued Nov. 3, 1998.
Decided Nov. 30, 1998.
Rehearing Denied Feb. 1, 1999.

Susan R. Van Bell, Washington, DC, for appellant. Richard A. Seligman, Washington, DC, was on the brief for appellant.

James R. Costello, Jr., Assistant United States Attorney, with whom Wilma A. Lewis, United States Attorney, and John R. Fisher, Mary–Patrice Brown, and Robert D. Okun, Assistant United States Attorneys, were on the brief, for appellee.

Before TERRY and FARRELL, Associate Judges, and NEWMAN, Senior Judge.

TERRY, Associate Judge:

Appellant, a student at a local university, was arrested and charged with assault [1] after an altercation with a fellow student in her apartment. When the matter first came to court, however, the United States Attorney's Office "no-papered" the case, and the charges were dropped. Appellant then filed a timely motion under Super. Ct.Crim. R. 118, accompanied by his own detailed affidavit, to seal the record of his arrest.[2] After requesting and receiving a response from the government, the trial court denied the motion. We affirm.

Appellant's only contention on appeal is that the trial court abused its discretion in denying his motion without a hearing. He maintains that his affidavit was sufficient to prove by clear and convincing evidence that

1. D.C.Code § 22–504 (1996).

2. Rule 118(a) provides in part:
    *Motion for sealing and declaratory relief.* Any person arrested for the commission of an offense punishable by the District of Columbia Code, whose prosecution has been terminated without conviction and before trial, may file a

motion to seal the records of the person's arrest within 120 days after the charges have been dismissed.... The motion shall state facts in support of the movant's claim.... The movant may also file any appropriate exhibits, affidavits, and supporting documents.

he did not commit the charged offense and that the court erred in relying on unsworn police reports (which were appended to the government's opposition) to conclude that he did not meet his burden. *See Rezvan v. District of Columbia,* 582 A.2d 937, 938 (D.C. 1990); *Dawkins v. United States,* 535 A.2d 1383, 1385 (D.C.1988); *District of Columbia v. Hudson,* 404 A.2d 175, 179 (D.C.1979) (en banc). He relies specifically on *White v. United States,* 582 A.2d 1199 (D.C.1990), in which we said:

> Where ... the movant has submitted sworn materials that on their face are adequate to establish by clear and convincing evidence that the movant qualifies for relief, and the government has not submitted any countervailing *sworn materials,* it is not appropriate for the trial court to deny the motion without a hearing.

*Id.* at 1201 (emphasis added).

■ Appellant's point is not a frivolous one, and in some other case such an argument might carry the day. We are troubled by the government's failure to submit any "sworn materials" in response to appellant's affidavit. Simply attaching a couple of unsworn police reports to its pleading is not enough to satisfy the government's burden under *White* when the movant files an affidavit (or anything else under oath). In this case, however, we need not decide the issue that appellant raises because his affidavit itself shows that he did indeed commit an assault.

In giving his account of the events leading to his arrest, appellant states:

> I walked across the room (about ten feet) and took the phone from [the complainant's] left hand and put it down. She looked at me and continued to smoke her cigarette. I looked back at her quite seriously and took the cigarette from her right hand and put it out in the cookie can cover on the dresser. I said, "We have to talk."

Moreover, appellant's affidavit supports an inference that he ignored the demand of the complainant's roommate that he leave the apartment and instead re-entered the complainant's bedroom. This circumstance may well have made appellant's conduct significantly more threatening.

■ A battery is any unconsented touching of another person. Since an assault is simply an attempted battery, every completed battery necessarily includes an assault. *Ray v. United States,* 575 A.2d 1196, 1199 (D.C.1990). Appellant's statement that he removed the phone from the complainant's hand and then took her cigarette from her other hand and extinguished it is thus an admission, at least *prima facie,* of two separate assaultive acts. *See Comber v. United States,* 584 A.2d 26, 50 (D.C.1990) (en banc) (assault statute "is designed to protect ... against all forms of offensive touching"); *Ray, supra,* 575 A.2d at 1198–1199 (citing cases); *Harris v. United States,* 201 A.2d 532, 534 (D.C.1964); *Guarro v. United States,* 99 U.S.App. D.C. 97, 99, 237 F.2d 578, 580 (1956). We therefore hold that appellant's motion, with its supporting affidavit, was insufficient on its face to establish by clear and convincing evidence that he did not commit the offense with which he was charged. Consequently, it did not require even a response from the government,[3] let alone a hearing.

The order denying appellant's motion under Rule 118 to seal his arrest record is accordingly.

*Affirmed.*

---

**3.** In saying this, we find no fault with the trial court's discretionary decision to ask the govern-

ment to file a response.