**Jose A. VILLAVICENCIO, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 99–CM–778.

District of Columbia Court of Appeals.

Submitted June 7, 2000.
Decided June 22, 2000.

Jose A. Villavicencio, filed a brief, pro se.

Wilma A. Lewis, United States Attorney, and John R. Fisher and Elizabeth Trosman, Assistant United States Attorneys, filed a brief for appellee.

Before TERRY, SCHWELB, and WASHINGTON, Associate Judges.

SCHWELB, Associate Judge:

Jose A. Villavicencio appeals from an order denying his motion to seal all records pertaining to his arrest. We affirm.

On April 10, 1996, Villavicencio, then an eighteen-year-old student, had just acquired a 1993 Honda Accord automobile. He had not yet received his license plates, and his impatience to drive it apparently got the better of him. In an affidavit filed in support of his motion to seal, Villavicencio stated:

> I was very anxious to test drive my new car, [so] I asked my mother if I could use her license plate [1] to go just around the block. However, I drove further than I had intended and was stopped by the police when I mistakenly started to turn on a one-way street.

Unfortunately for Villavicencio, his troubles did not end with a traffic ticket; indeed, he apparently never received one. After stopping Villavicencio, the officer "called in" the license plate number. He was told, mistakenly as it turned out, that the tags were from a stolen car. Villavicencio was arrested and charged with receiving stolen property (RSP). In fact, neither the car nor the tags had been stolen, and on May 16, 1996, the charges against Villavicencio were "no-papered" by the United States Attorney's office.

On June 9, 1997, Villavicencio filed a motion pursuant to Super.Ct.Crim.R. 118 to seal all records of his arrest.[2] He contended in substance that he was not guilty of the offense of RSP and that he had demonstrated by clear and convincing evidence, as specified in Rule 118(e), that "the offense for which [he] was arrested did not occur." On March 24, in a written order, the trial judge denied Villavicencio's motion without a hearing.

On appeal,[3] in a well-written *pro se* brief, Villavicencio reiterates, somewhat more elaborately, the arguments he presented to the trial court. In our view, however, the trial judge disposed of these

---

1. In fact, the tags came from a car that Villavicencio's mother had rented from the Spirit Rent–A–Car agency.

2. Rule 118(a) provides that such a motion must be filed within 120 days after the charges have been dismissed, but that "[f]or good cause shown and to prevent manifest injustice," the arrestee may file the motion "within 3 years after the prosecution has been terminated, or at any time thereafter if the government does not object." Villavicencio stated in his motion that he had failed to file within the 120–day period because he had "just recently found out by accident that this incident was on [his] record." In light of our disposition, we need not and do not decide

whether Villavicencio satisfied the prerequisites set forth in Rule 118(a) for late filing.

3. On September 23, 1999, Villavicencio's appeal was dismissed by a motions division for lack of jurisdiction because the notice of appeal was stamped May 4, 1999, or one day late. Because it appeared that the notice had been mailed to the court on April 25, 1999, the order of dismissal was without prejudice to appropriate proceedings in the trial court. On November 18, 1999, the trial judge entered an order correcting the records of the Superior Court to reflect that the notice of appeal was filed on April 28, 1999, and was therefore timely.

contentions correctly in his written order, a copy of which is appended to this opinion and made a part hereof. Although we are not unsympathetic to Villavicencio's difficulties, we are not prepared to order the sealing of the records of his arrest, and thus to rewrite history, *see Teachey v. Carver*, 736 A.2d 998, 1007 (D.C.1999), when, as the trial judge cogently explained, that arrest was concededly justified under Villavicencio's own version of the relevant events. The conduct that led to Villavicencio's arrest—*i.e.*, the operation of the vehicle with tags belonging to a different automobile—was a criminal act, *see* D.C.Code § 40–105(a)(1)(A) (1998), and Villavicencio therefore is not entitled to have his arrest record sealed. *See District of Columbia v. Hudson*, 404 A.2d 175, 179 (D.C.1979) (en banc) (arrestee must show by clear and convincing evidence that "no crime had in fact been committed [by him] at the time of his arrest"); *United States v. Smith*, 118 Daily Wash.L.Rptr. 2425, 2430–31 (Super.Ct.D.C.1990) (construing Rule 118(e) and holding that, for purposes of Rule 118, the arrestee committed "the offense for which [he] was arrested" even though he did not commit "the offense that the arresting officer charged on the arrest reports"). Accordingly, and substantially for the reasons stated by the trial judge,[4] the order appealed from is hereby

*Affirmed.*[5]

On December 10, 1999, the motions division reinstated Villavicencio's appeal. Although the government claimed in its brief in this court that the appeal should be dismissed as untimely, the brief was filed before the Superior Court corrected its records. The government has not filed any subsequent submission challenging the reinstatement of the appeal.

4. *See also United States v. Poe*, 113 Daily Wash.L.Rptr. 833 (Super.Ct.D.C.1985).

5. As Villavicencio correctly points out, the arrest records reflect that he was charged with RSP, which may be regarded as a more serious offense than the one he committed.

He apprehends that the existence of the record of his arrest could interfere with his prospects of becoming an officer in the United States Air Force. As we have noted, however, Villavicencio has effectively conceded that he committed a violation of D.C.Code § 40–105(a)(1)(A). If Villavicencio should learn in the future that the nature of the offense with which the police charged him, as distinguished from the fact of his arrest, has become prejudicial to him in a particular circumstance, then he will of course be free to establish the true facts by providing a copy of this opinion to any interested party.