**Dwayne BURNS, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 04–CO–183.

District of Columbia Court of Appeals.

Submitted April 12, 2005.

Decided Aug. 4, 2005.

---

Seann Patrick Riley, filed a brief for appellant.

Kenneth L. Wainstein, United States Attorney, with whom John R. Fisher, Elizabeth Trosman, Carolyn K. Kolben, and Margaret A. Sewell, Assistant United States Attorneys, were on the brief, for appellee.

Before RUIZ, and WASHINGTON, Associate Judges, and STEADMAN, Senior Judge.

RUIZ, Associate Judge:

Appellant challenges the trial court's decision to deny, without a hearing, his motion under Superior Court Criminal Rule 118 to seal the records of a previous arrest. The argument, essentially, is that his submission of a sworn affidavit in sup-

port of his motion created a sufficient factual dispute so as to require a hearing on the motion, and also established, by clear and convincing evidence, that he had committed no crime. In light of the heavy burden that appellant must shoulder to merit sealing of his arrest records, we conclude that based on the evidence presented to the trial court—appellant's uncorroborated affidavit, opposed by the government with the arresting officer's sworn *Gerstein* statement [1]—the trial court could summarily deny the request. We affirm.

## I.

In February 2003, appellant was arrested and eventually charged with the assault of Andrew Aldama and Roger Taylor, as well as two counts of possession of a prohibited weapon (shod foot). These charges were eventually dismissed on May 12, 2003 for want of prosecution. Thereafter, appellant filed a timely motion under Superior Court Criminal Rule 118 for the records of this arrest to be sealed. In support of this motion, appellant filed a sworn affidavit in which he maintained it was Aldama and Taylor who were aggressive towards him, and that he had only struck them in self-defense. The government filed a written opposition, which included the arresting officer's sworn statement offered in support of the government's *Gerstein* proffer. The trial court summarily denied appellant's motion, concluding that appellant had "fail[ed] to demonstrate that he did not commit the offense for which he was arrested or that the offense did not occur."

## II.

■ Under Rule 118, a person who has been arrested for a criminal offense may file a motion in Superior Court to have the arrest records sealed if the prosecution was terminated before trial. *See* Super. Ct.Crim. R. 118(a) (2004); *District of Columbia v. Hudson,* 404 A.2d 175 (D.C. 1979) (en banc). Such movants are entitled to relief only if "the Court finds by clear and convincing evidence that the offense for which the movant was arrested did not occur or that the movant did not commit the offense," Super. Ct.Crim. R. 118(e),[2] and relief may not be granted if it is shown that the movant committed *some* criminal act, though not necessarily the one originally charged. *See District of Columbia v. Houston,* 842 A.2d 667, 673 (D.C.2004) (noting that Rule 118 imposes a "strict standard" to be adhered to before relief will be granted); *Villavicencio v. United States,* 755 A.2d 436, 438 (D.C. 2000) (noting that person seeking relief under Rule 118 has the burden of showing that "no crime had in fact been committed [by him] at the time of his arrest") (quoting *Hudson,* 404 A.2d at 179). Although the proceeding considers whether a criminal offense has been committed, because the movant seeks equitable relief, the proceeding is ultimately civil in nature and the protections afforded the accused in a criminal proceeding do not pertain. *See Hudson,* 404 A.2d at 179 n. 6 (holding that "the presumption of innocence in a criminal prosecution has no place in a civil proceeding in which the movant is seeking equitable relief"). The trial court's determinations under Rule 118 "constitute findings of fact," *District of Columbia v. Davis,* 811 A.2d 800, 802 (D.C.2002), because they ultimately consider whether clear and con-

---

**1.** *See Gerstein v. Pugh,* 420 U.S. 103, 120, 124 n. 25, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).

**2.** Clear and convincing evidence is that which "should 'produce in the mind of the trier of fact a firm belief or conviction as to the facts

sought to be established.'" *Hudson,* 404 A.2d at 179 n. 7 (quoting *In re Estate of Soeder,* 7 Ohio App.2d 271, 220 N.E.2d 547, 574 (1966)).

vincing evidence has been presented to prove that no crime was committed. As such, they are reviewed for clear error. *See* D.C.Code § 17–305(a) (2001) (a finding of fact by a judge sitting without a jury is binding on this court unless "plainly wrong or without evidence to support it"); *Davis,* 811 A.2d at 802.

■ It is worth noting the purposes underlying Rule 118, which was adopted following our decision in *Hudson.* The remedy of sealing the arrest records of an innocent person is self-evidently for the protection of individual rights. *See Hudson,* 404 A.2d at 181. The residual value of arrest records to the government after the prosecution is dismissed is their validity as a premise for "a continuing inference" that appellant was connected with the commission of a crime. *See id.* at 178. The government's interest in maintaining arrest records so that it will be able to make that inference is therefore directly related to the validity of the premise. *See id.* Thus, where the appellant disputes the factual premise and seeks to have arrest records sealed, the government, having decided not to prosecute the arrestee, "has a special responsibility at the hearing . . . to advise the court promptly of the full results of its post-arrest investigation." *Id.* at 179. Where the trial court decides to grant the request to seal the arrest record, it must make findings and conclusions for the protection of an arrestee whom the trial court believes has carried the burden of proving innocence. *See* Super. Ct.Crim. R. 118(f)(2)(C) ("The Court shall summarize in the order the factual circumstances of the challenged arrest [and] any post-arrest occurrences it deems relevant, and, if the facts support such a conclusion, shall rule as a matter of law that the movant did not commit the offense for which the movant was arrested or that no offense had been committed."); *Hud-*

*son,* 404 A.2d at 182 (requiring "an official, and hence authoritative, explanation of the erroneous basis for the arrest").

■ The trial court has broad discretion to summarily deny a motion made under Rule 118 without a hearing if the motion fails to make a prima facie showing of innocence. *See* Super. Ct.Crim. R. 118(d); *Davis,* 811 A.2d at 804; *Dawkins v. United States,* 535 A.2d 1383, 1386 (D.C. 1988). Thus, we review the trial court's decision to deny a Rule 118 motion without a hearing solely to ensure that discretion has not been abused. *See White v. United States,* 582 A.2d 1199, 1201 (D.C.1990). In *White,* we established the standard for determining whether the trial court is compelled to hold a hearing on a Rule 118 motion:

> Where a trial court determines that a hearing would not result in evidence sufficient to meet the clear and convincing standard required for the sealing of arrest records, the trial court, in its discretion, may deny the request for a hearing even though there remains some factual dispute as to what actually happened. *Dawkins, supra,* 535 A.2d at 1386. Where, however, the movant has submitted sworn materials that on their face are adequate to establish by clear and convincing evidence that the movant qualifies for relief, and the government has not submitted any countervailing sworn materials, it is not appropriate for the trial court to deny the motion without a hearing.

*Id.* Appellant argues that because his sworn affidavit "on [its] face [was] adequate to establish clear and convincing evidence that [he] qualifies for relief" under Rule 118, and because this affidavit was not opposed by "countervailing sworn materials," the trial court was compelled to hold a hearing on his motion. The government counters that, if not "bald assertions"

of innocence, the appellant offered only conclusory statements that were refuted by the government's sworn statement.

■ Although appellant's affidavit was neither a bald assertion of innocence nor conclusory, what appellant's argument ignores is that in its opposition, the government submitted the sworn statement made by the arresting officer in support of a finding that there was probable cause to arrest appellant. Though disparaged by appellant as a "cut and paste job" of the "*Gerstein* statement," the statement was made under penalty of perjury, and explains the scene as encountered by the officer, as well as the statements made to the officer by the two persons who claimed to have been assaulted by appellant. Our cases to date have dealt with situations where either the movant, or the government, has failed to substantiate its position with sworn statements. In those cases, we have said, summary disposition is appropriate. *See Mahaise v. United States,* 722 A.2d 29, 30 (D.C.1998) (holding summary denial appropriate because unsworn police statements were insufficient to counter movant's affidavit in support of motion to seal records); *Dawkins,* 535 A.2d at 1385 n. 2 (holding summary denial appropriate where arrestee makes only "bald assertions" and does not submit affidavit). In this case, on the other hand, there were sworn statements produced by both appellant and the government so that the trial judge had discretion to make a "determin[ation] that a hearing would not result in evidence sufficient to meet the clear and convincing standard required for the sealing of arrest records." *White,* 582 A.2d at 1201.

In exercising that discretion, the trial court had to consider two versions of the facts which coincided except on the critical determinant of criminal liability: who was the first aggressor. Appellant avers in his affidavit that he got into a disagreement with Aldama, his landlord, and in the course of this argument, "Mr. Aldama then started towards me with his fists clenched and I pushed him back to try and get him out of my room. Mr. Aldama then charged at me again and out of fear for my safety I hit him." Appellant's affidavit also maintains that Taylor responded to the scene and "got into a fighting stance as if he was going to hit me" and then "swung at me several times." Thus, appellant states, "[I] feared for my safety and I kicked him in the groin." Concerned that Aldama and Taylor would come after him "with knives," appellant called 911 and left the house, where he waited for the police to arrive. The arresting officer's sworn statement does not identify the 911 caller but does confirm that appellant met the officer at the front of the house when he responded to the 911 call. On the other hand, the officer's statement says that when he spoke with Aldama at the scene, he was informed by Aldama that he had been "discussing" landlord-tenant issues with appellant, and the discussion turned "into an argument," at which point appellant "stepped towards [Aldama] and struck [Aldama] in the face with his fist," directly contradicting appellant's assertion that he was not the first aggressor. These conflicting statements, which boil down to essentially a two-against-one dispute between witnesses, do little to establish exactly what happened. Thus, if that were the state of the evidence when the trial court finally ruled, appellant could hardly establish, by the high clear and convincing standard, that his actions were not criminal in nature. Appellant's argument, however, is that the ruling was premature, and that the trial court could not make a final determination without first holding a hearing to assess the relative weight of the contradictory evidence.

Whether to hold an evidentiary hearing is a decision committed to the discretion of the trial court, based on the quality and nature of the evidence presented. Sharply disputed material facts usually can only be settled after the trial court has had an opportunity to hear from the witnesses and observe their demeanor, and another trial judge might well have decided to hold a hearing in this case. Although the government's opposition contained a sworn statement that sufficed to preclude the court from summarily granting the request, *see Mahaise,* 722 A.2d at 30, it was based on hearsay as to the facts relevant to guilt.[3] Moreover, the government's opposition to appellant's request gave no reason for its decision to dismiss the charges against appellant. *Cf. Hudson,* 404 A.2d at 179–80 (comparing varying reasons given by the government for decision not to prosecute different arrestees, some of which were indicative of innocence). Notwithstanding these weaknesses in the government's opposition, we conclude that the trial court did not abuse discretion in summarily denying the motion in this Rule 118 proceeding, because "a hearing would not result in evidence sufficient to meet the clear and convincing standard required for the sealing of arrest records." *White,* 582 A.2d at 1201. Even though appellant filed a sworn statement, its description of the events, which could be viewed as self-serving, was fully rebutted by the officer's statement, and did little to explain the apparently serious injury he inflicted on one of the complainants.[4] Appellant, who had the burden of proof, did not seek discovery from the government that could have yielded information of assistance in meeting that burden. Nor did he proffer the testimony of witnesses he knew—the complainants and the arresting officer—who perhaps could have been examined as hostile witnesses, nor any other evidence that would have corroborated his claim of self-defense. Although the trial court's one-paragraph order does not give reasons for its conclusion,[5] we can easily surmise that the trial court anticipated that, at the end of a hearing, the evidence would remain in the same contested balance, dooming appellant's request.[6]

The judgment is

*Affirmed.*

---

3. Moreover, as a *Gerstein* statement, its primary purpose was to substantiate only probable cause to arrest the appellant. In other words, the police officer's exposure to criminal liability—even if the facts in the affidavit turned out to be untrue—was, at best, negligible.

4. The arresting officer's statement reported that Aldama suffered a "laceration to the left side of his forehead," and was "bleeding from the head." No injuries to appellant were reported by the officer, nor are claimed by appellant.

5. Rule 118 provides that "[i]f the Court denies the motion, it shall issue an order and shall set forth its reasons on the record or in writing." Super. Ct.Crim. R. 118(f).

6. We have no reason to suppose that if a hearing were held on the motion, the arresting officer would not testify consistent with his *Gerstein* statement. The fact that Aldama's statement may be hearsay is of no moment, because "[i]f a hearing is held hearsay evidence shall be admissible." Super. Ct. Crim. R. 118(e).